UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROLAND KENNETH SMITH**                                        **CIVIL ACTION**

**VERSUS**                                                      **NO. 07-3525**

**ST. TAMMANY PARISH SHERIFF'S**                                **SECTION: "M"(1)**
**OFFICE, ET AL.**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Roland Kenneth Smith, a state pretrial detainee, filed a *pro se* and *in forma pauperis* complaint naming as defendants the St. Tammany Parish Sheriff's Office and the St. Tammany Parish Prison. He subsequently amended that complaint to add Deputy R. Jones and the St. Tammany Parish Prison Medical Department as defendants.

A Spears hearing was held on July 18, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, he was sworn and his testimony was recorded. Based on his complaint, as amended, and the Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this civil action.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

In January 2007, inmate Lamont Miles stole a biscuit from plaintiff's meal tray. Plaintiff objected, and Miles said that "he was gonna punch [plaintiff] in the head as soon as the officer left out of the dormitory." Despite overhearing that threat, Deputy R. Jones left the dormitory minutes later, at which time Miles did in fact strike plaintiff from behind, causing him to hit his face on the table and break his nose. As a result, plaintiff had to have reconstructive surgery.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint, as amended,[3] and fully considering his Spears hearing testimony, the Court finds that several of plaintiff's claims should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

Plaintiff has named the St. Tammany Parish Sheriff's Office as a defendant.  However, "[a] sheriff's office is not a legal entity capable of being sued ...."  Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Plaintiff has also improperly named the St. Tammany Parish Prison as a defendant.  "[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."  Castillo, 2007 WL

---

[3] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2264285, at *4; see also Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. la. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Plaintiff has additionally named the St. Tammany Parish Prison Medical Department as a defendant. That, too, is improper. A prison medical department is not an independent entity capable of being sued under 42 U.S.C. § 1983. Martinez, 2005 WL 3549524, at *5; Piearson v. Corrections Center Lafayette Parish, Civ. Action No. 06-1316, 2006 WL 4012476, at *3 (W.D. La. Oct. 18, 2006) (Methvin, M.J.) (adopted by Haik, J., on Jan. 30, 2007).

Because the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Prison, and the St. Tammany Parish Prison Medical Department are improper defendants, the claims against those defendants should be dismissed.

However, plaintiff has properly named Deputy R. Jones as a defendant and stated a cognizable, non-frivolous "failure to protect" claim against him.[4] Accordingly, at least at this point, that claim should be allowed to proceed.

---

[4] "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). An inmate who alleges that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection states a cognizable "failure to protect" claim. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Prison, and the St. Tammany Parish Prison Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claim against Deputy R. Jones be allowed to proceed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of September, 2007.

  _____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**