**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROLAND KENNETH SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3525** |
| **ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "M" (1)** |

**ORDER AND REASONS**

Plaintiff, Roland Kenneth Smith, a state pretrial detainee,[1] filed a *pro se* complaint naming as defendants the St. Tammany Parish Sheriff's Office and the St. Tammany Parish Jail. He subsequently amended that complaint to add Deputy Robert Jones, the St. Tammany Parish Prison Medical Department, and Deputy Michael Helbach as defendants. On February 6, 2008, the claims against the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, and the St. Tammany Parish Prison Medical Department were dismissed.[2] Plaintiff and the remaining defendants have since consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

Deputies Jones and Helbach have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[4] Plaintiff has opposed that motion.[5] In reviewing such a motion, the Court may

---

[1] Although he has since been convicted, plaintiff was a pretrial detainee at the time this lawsuit was filed.

[2] Rec. Doc. 23.

[3] Rec. Doc. 39.

[4] Rec. Doc. 52.

[5] Rec. Doc. 55.

grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff contends that defendants failed to protect him from violence at the hands of another inmate. Defendants argue that the claims against them must be dismissed because plaintiff failed to exhaust his administrative remedies. For the following reasons, the Court finds that defendants are correct.[6]

---

[6] Because the Court agrees that this lawsuit must be dismissed based on plaintiff's failure to exhaust his administrative remedies, the Court need not address the alternative ground for dismissal asserted by defendants in their motion.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[7] The Supreme Court has held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is *mandatory* in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

In support of their motion, defendants submitted the affidavit of Deputy Warden Greg Longino. In that affidavit, Longino summarized the St. Tammany Parish Jail's administrative remedy procedure:

> 3. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and it is available to all inmates incarcerated at the St. Tammany Parish Jail.
>
> 4. All inmates are entitled to use the jail's administrative remedy procedure, including Department of Corrections inmates, parish jail inmates, and pre-trial detainees.
>
> 5. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail. I have certified and attached a true copy of the summary of the administrative remedy procedure

[7] As used in that section, the term "prisoner" includes pretrial detainees. 42 U.S.C. § 1997e(h).

as it appears in inmate handbook. A copy of the complete administrative remedy procedure may also be found in the jail law library wherein access to the procedure is available to all inmates.

6. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates in the jail. In lieu of the form, an inmate may submit a written communication containing the words "This is a grievance though the ARP."

7. Under the grievance procedure available at the time of the alleged incident, a grievance must have been filed within ninety (90) days from the date of the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.

8. As the Deputy Warden/Inmate Affairs Director, I am the "First Respondent" in the grievance process. As the "First Respondent," I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

9. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt of the response by the "First Respondent," which is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

10. If an inmate does not hear from the "First Respondent" within twenty (20) days, then the inmate may file a request for a Warden's Review within the following five days.

11. If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal. An inmate may only file suit if he or she is not satisfied with the final level of review.

12. The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

13. If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

....

18. I have reviewed the entire jail file of the inmate, Roland Kenneth Smith, and that review reveals that the inmate never filed a grievance concerning his injuries allegedly sustained in a physical encounter with inmate, Lamont Miles, i.e. his failure to protect claim, on or about January 5, 2007.

19. That review further reveals that the inmate, Roland Kenneth Smith, by not filing a grievance, failed to comply with the requirements of the St. Tammany Parish Sheriff's Administrative Review Procedure (ARP) and failed to exhaust all his administrative remedies available to him prior to filing suit, all as required by 42 U.S.C. § 1997e(a).[8]

In his opposition to defendants' motion, plaintiff first argues that the exhaustion requirement does not apply in the instant case because the claims asserted herein involve a particular incident, not general "prison conditions." That argument has no merit. The United States Supreme Court has expressly held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Therefore, the exhaustion requirement clearly applies to "failure to protect" claims. Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002) ("Porter squarely precludes [a] contention that [a] failure-to-protect claim is outside § 1997e(a)'s scope."); see also Crowder v. University of Texas Medical Branch's Unknown Nurse, 267 Fed. App'x 319 (5th Cir. 2008).

Plaintiff next contends that he in fact filed at least three grievances concerning this incident but notes that he "has no control over these forms once they are placed in the mailbox."[9] He further notes that his attempts to file grievances were "to no avail. Plaintiff never got any response to the

---

[8] Rec. Doc. 52, Affidavit of Deputy Warden Greg Longino.

[9] Rec. Doc. 55, p. 2.

ARP system."[10] In light of that second contention, it is evident that a disputed factual issue exists as to whether plaintiff filed an administrative grievance regarding the instant "failure to protect" claims. However, for the following reasons, the Court finds that resolution of that factual issue is unnecessary in this case.

As noted above, the St. Tammany Parish Jail's administrative remedy procedure has *three* steps. Further, the procedure provides that an inmate must proceed to the next step of the grievance process when he fails to receive a timely response at a preliminary step of the procedure. In fact, the grievance form itself expressly notifies inmates that "[i]f you do not hear from the 'First Level Respondent' within twenty days you may file a request for a Warden's Review within the following 5 days."[11] In the instant case, however, even if plaintiff submitted grievances as he alleges, it is

---

[10] Rec. Doc. 55, p. 3.

[11] Rec. Doc. 52, sample Inmate Grievance form. The fact that the notice used the word "may" rather than "shall" is of no moment. Even if plaintiff was under the impression that seeking further review was *optional* and that inmates were not *required* to request such review if their grievances went unanswered, that would not excuse the federal exhaustion requirement. See Valentine v. Newton, No. 9:00-CV-1369LEKGLS, 2002 WL 31309181, at *3 (N.D.N.Y. Aug. 15, 2002) (Sharpe, M.J.) (adopted by Kahn, J., on Sept. 11, 2002). The PLRA requires exhaustion of all "available" administrative remedies. Plaintiff was aware that further administrative review was available, and he failed to pursue it prior to filing this federal complaint.

Further, the Court is aware that the United States Fifth Circuit Court of Appeals has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004). However, those cases involve the failure of prison authorities to issue a timely response at the *final* step of the grievance procedure. Such a rule makes sense in that context, where federal court is the only remaining remedy available to a prisoner faced with a constructive denial at the final step of the administrative procedure. However, where, as here, a timely response is not forthcoming at a *preliminary* step of the procedure, the constructive denial allows the prisoner to proceed only to the next step of the administrative procedure, not directly to federal court. Amir-Sharif v. Gonzalez, No. 3:06-CV-2269-G, 2007 WL 1411427, at *2 (N.D. Tex. May 14, 2007); Walker v. Seal, Civ. Action No. 06-1300, 2007 WL 1169364, at *2 n.9 (E.D. La. Apr. 19, 2007); Ratliff v. Jackson, No. CIVA3:05CV340WHB-AGN, 2005 WL 2035505, at *2 (S.D. Miss. Aug. 23, 2005).

*undisputed* that, when he failed to receive a satisfactory response to those grievances, he proceeded to federal court rather than to the second and third steps of the grievance procedure. It is *that fact* which is determinative in this case. The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). Therefore, a plaintiff's administrative remedies are not exhausted unless he has pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, the fact that plaintiff may have initiated the procedure by filing one or more first-step grievances is simply insufficient to constitute exhaustion, because he subsequently abandoned the process rather than pursue it to its conclusion.

This Court is not unsympathetic to the plight of prisoners who in good faith attempt to navigate the sometimes labyrinthine administrative remedy procedures only to have their efforts frustrated by unhelpful and unresponsive prison officials. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to abandon the administrative procedure in the midst of the process, the clear intent of Congress would be thwarted. The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
>
> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court,

> adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Because plaintiff did not pursue his administrative remedies to their completion, thereby giving the Warden and the Sheriff a fair opportunity to consider and possibly resolve plaintiff's claims against Deputies Jones and Helbach, it is not appropriate for this Court to consider those claims.

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED** and that plaintiff's claims against Deputies Robert Jones and Michael Helbach are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on plaintiff's failure to exhaust his administrative remedies.[12]

New Orleans, Louisiana, this first day of August, 2008.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*. Rec. Docs. 2 and 3.